UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN MOORE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CV-20 JCH |
| CRAIG HELLMANN, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Michael Allen Moore, an inmate at the Franklin County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint to seek relief under 42 U.S.C. § 1983. Plaintiff names as defendants Missouri State Court Judge Craig Hellman, as well as Missouri Prosecutor Michael Hayes. He does not indicate the capacity under which he is suing defendants. Plaintiff sets forth his statement of claim as follows:

> My 6th Amendment has been violated for a fast speedy trial. It happened when it surpassed the speedy trial deadline on March 5th 2021. Franklin County Courthouse Union, MO. Anxiety and Depression. Failed to dismiss the case. The prosecutor has failed to bring forth evidence.

Attached to plaintiff's complaint is a supplemental "Statement of Claim." In his supplement plaintiff asserts that he filed a "180-day speedy trial motion" in his Franklin County criminal action on September 8, 2020. He claims that the speedy trial deadline was purportedly March 5, 2021, in his criminal case. He asserts that during this time period he was a detainee in Crawford County Jail in Steelville, Missouri.

Plaintiff alleges that after his March 5th deadline passed, he instructed his criminal attorney, Matthew Huckeby to file a motion to dismiss, as well as a speedy trial motion. He claims that Mr. Huckeby failed to follow his instructions. Thus, he "took the initiative" to file both motions. He

3

asserts that on March 30, 2021, the Franklin County Circuit Court acknowledged receipt of his motions.

Plaintiff claims that on May 17, 2021, he "pleaded out" in the case in Crawford County. He assumed that his case in Franklin County was dismissed, but it was still pending. Accordingly, he was delivered to Franklin County Custody on May 20, 2021. Plaintiff asserts that he is not suffering with physical injuries in Franklin County custody; however, he is currently suffering from both anxiety and depression from his continued incarceration.

Plaintiff alleges that Judge Hellman continued his criminal case in Franklin County several times to allow for the prosecutor, Mr. Hayes, to "be more prepared." Plaintiff believes that Judge Hellman is favoring the prosecutor with his continuances, as his new trial date is allegedly in October of 2022, as told to him by plaintiff's new attorney, Kenneth Henneman. Plaintiff states that he previously told his prior attorney, Mr. Huckeby that he did not want any continuances, as this would hinder him from going to trial.

Plaintiff seeks to have his case in Franklin County dismissed with prejudice.

### State Criminal Charges

The Court has reviewed plaintiff's criminal charges on Missouri.Case.Net and found the following.

A grand jury indictment was filed on December 18, 2018, against plaintiff charging him with rape or attempted rape in the first degree of a victim of less than twelve years of age. Plaintiff was initially served with a warrant for his arrest on December 28, 2018. At that time, plaintiff was already in custody on another charge in Crawford County, Missouri. *State v. Moore*, No. 18AB-CR03188 (20th Judicial Circuit, Franklin County Court).[1]

---

[1] Plaintiff was being held in the matter of *State v. Moore*, No. 19CF-CR01012-01 (42nd Judicial Circuit, Crawford County Court). In that case, plaintiff was charged by Complaint on August 3, 2019, with burglary and misdemeanor property damage. *Id.* Plaintiff entered an Alford plea to the burglary charge on May 17,

4

A second warrant was issued for plaintiff's arrest on August 30, 2019, on the charge of rape or attempted rape in the first degree of a victim of less than twelve years of age. On April 22, 2019, Franklin County Court placed plaintiff's case on the docket for May 13, 2019, to hear plaintiff's motion for bond reduction. On May 13, 2019, the Franklin County Circuit Court reduced plaintiff's bond to $15,000, cash or surety with special conditions. Plaintiff posted bond on May 14, 2019.

Plaintiff's next court date was scheduled for June 10, 2019; however, on that date, it was then rescheduled for September 16, 2019. On August 30, 2019, plaintiff surrendered his bond, and the Court issued a warrant for plaintiff. At that time, plaintiff was still incarcerated in Crawford County on the same criminal matter in *State v. Moore*, No. 19CF-CR01012-01 (42nd Judicial Circuit, Crawford County Court). The Circuit Court continued plaintiff's case throughout the end of 2019 and beginning of 2020. On September 8, 2020, plaintiff filed a handwritten request for speedy trial, although the clerk's note indicated that speedy trial had expired on March 5, 2021. The Circuit Court of Franklin County did not take action at that time.

On March 30, 2021, plaintiff filed a handwritten motion to dismiss the criminal case in Franklin County Court. Again, the Circuit Court failed to take action. No other action took place in the criminal case in Franklin County until May 24, 2021, when the warrant for plaintiff was served. Plaintiff was served on May 24, 2021. However, he was still in Crawford County Jail at that time. On June 17, 2021, plaintiff's counsel, Matthew Huckeby, filed a motion to dismiss for violations of speedy trial. The circuit court denied the motion on July 6, 2021. Plaintiff's counsel filed a motion to dismiss the indictment, or to exclude witnesses, on October 12, 2021. The Court

---

2021. The property damage charge was dismissed on that same date. Plaintiff was sentenced to a Suspended Execution of Sentence (SES) of eight years of imprisonment in the Missouri Department of Corrections and five years of supervised release. In the documents related

has not yet ruled on the motion. However, on December 23, 2021, plaintiff again filed a pro se motion for speedy trial. Although there is a notation in the docket that the speedy trial before date is June 24, 2022, there has not been a ruling on plaintiff's motion.

The matter is currently set for trial on October 12, 2022.

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federally-protected right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, plaintiff can be understood to allege that prosecutor Michael Hayes and Judge Craig Hellman allegedly violated his constitutional rights to speedy trial in his criminal case in *State v. Moore*, No. 18AB-CR03188 (20th Judicial Circuit, Franklin County Court).

Missouri Circuit Courts are immune from suit under the Eleventh Amendment, *see McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875 (8th Cir. 2007), and entities such as prosecuting attorney are typically treated the same as other non-suable entitles such as county sheriff's departments. *Kaminsky v. State of Missouri*, 2007 WL 2956404, at *2, 3 (E.D. Mo. Oct. 5, 2007); *see also Stockley v. Joyce*, 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (applying the reasoning of *Kaminsky* to determine that the Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (a prosecutor's office is not a legal entity amenable to suit under § 1983).

Plaintiff's claims for money damages against state court Judge Hellmann are barred by immunity. Judges are absolutely immune from suit for money damages unless they act outside of their judicial capacity or in the clear absence of jurisdiction, and Plaintiff alleges no such facts. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986); *see also Pierson v. Ray*, 386 U.S. 547 (1967) (judges may not be held liable for damages under §

1983 for the performance of their respective duties in judicial proceedings). Plaintiff's allegations against Judge Hellmann are based on alleged wrongdoings by Hellmann while performing his judicial duties in plaintiff's state court proceedings. Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

Here, plaintiff alleges no facts of Judge Hellmann acting outside his judicial capacity or without jurisdiction. All of Judge Hellmann's allegedly unlawful actions were judicial in nature. Further, Judge Hellmann, acting as a judge in the 20th Judicial Circuit Court, took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 14. Furthermore, judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Because Judge Hellmann acted within his judicial capacity and within his court's proper jurisdiction, he is granted absolute immunity from civil suit as to plaintiff's claims against him.

Plaintiff also names assistant prosecuting attorney Michael Hayes and claims that he committed wrongdoing when performing his duties in plaintiff's judicial proceedings. Absolute immunity also protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424 U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987)

(prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*).  Plaintiff's claims against Hayes involve actions he took in his capacity as an assistant prosecuting attorney pursuing criminal charges against a plaintiff for the state. Plaintiff's claims against Hayes are barred by immunity.

The Court notes that the allegations of plaintiff's complaint sound more appropriately brought in a petition for habeas corpus relief under 28 U.S.C. § 2241. A state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. §  2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). However, even if the Court ordered self-represented plaintiff to amend his complaint as a habeas petition under 28 U.S.C. § 2241 asserting violations his speedy trial rights under federal and state law, the Court finds his allegations insufficient to state a valid claim for relief.

The Missouri Speedy Trial Act provides that "[i]f defendant announces that he is ready for trial and files a request for a speedy trial, then the court shall set the case for trial as soon as reasonably possible thereafter." Mo. Rev. Stat. § 545.780.1.  The Act does not contain a 180-day requirement. *See State v. Engel*, 859 S.W.2d 822, 830-31 (Mo. Ct. App. 1993) (stating that the current "statute sets no deadline, and certainly not a deadline of 180 days"). Thus, to the extent that plaintiff is arguing that a strict statutory deadline of 180 days has been violated, he is mistaken because there is no such deadline. Regardless, federal courts do "not have jurisdiction under 28 U.S.C. § 2241 ... to issue a writ of habeas corpus for violation of state law by state authorities."

8

*Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986). As such, speedy trial claims based on state law and the actions of state officials must be addressed by a state court. *Id.* For this reason, any speedy trial claim that plaintiff is attempting to bring under Missouri law fails to state a valid claim for relief under § 2241.

As to federal law, the Sixth Amendment to the U.S. Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. However, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (internal citations omitted)). To that end, when a state prisoner is seeking pretrial habeas relief on the basis of speedy trial issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, plaintiff has not demonstrated that he has exhausted his state court remedies. A review of plaintiff's state court proceeding indicates that he filed a pro se motion for want of speedy trial in the Circuit Court of Franklin County on September 8, 2020. His counsel filed a motion to dismiss the criminal action on the basis of plaintiff's speedy trial rights on June 17, 2021. The motion was denied. Plaintiff again filed a pro se motion for speedy trial on December 23, 2021. The Court has not yet ruled on this motion. However, there are no records indicating that

9

plaintiff filed additional pleadings, outside of the Circuit Court, in support of his claims. Importantly, the Court can find no record of plaintiff filing a writ of mandamus – nor does plaintiff allege that he filed one – which is the vehicle explicitly provided by statute to enforce his speedy trial rights in state court.  *See* Mo. Rev. Stat. § 545.780.2. Moreover, plaintiff does not establish any "special circumstances" that would allow him to avoid exhausting his state remedies and alleging a speedy trial violation alone, is not enough.  *See Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987) (stating that the constitutional right to a speedy trial does not qualify as a special circumstance that obviates the exhaustion requirement).  Therefore, to the extent plaintiff's claims could be construed under § 2241, they would fail.

The Court can envision no amendment to the complaint that would cause it to state an actionable § 1983 claim. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of April, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE